UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In Re

DON LEON MOORE,  Case No. 04-13875-MAM-7

Debtor.

**ORDER DENYING FIRST BANK OF LINDEN'S MOTION
TO ALTER, AMEND OR VACATE**

Robert Reynolds, Attorney for First Bank of Linden
Jeffery Hartley, Attorney for Chapter 7 Trustee
Kristopher Sodergren, Attorney for First United Security Bank

This matter is before the Court on First Bank of Linden's motion to alter, amend or vacate the Court's order denying First Bank's motion for turnover of remaining sales proceeds and rents from commercial real estate. The Chapter 7 Trustee and First United Security Bank opposed First Bank's motion. The Court has jurisdiction to hear these matters pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is denying the motion to alter, amend or vacate.

FACTS

On February 10, 2005, the Court entered an order denying First Bank's motion for turnover of remaining sales proceeds and rents from commercial real estate. In the order, the Court found that First Bank was a secured creditor in the amount of $60,000, plus 9% interest as set out in the mortgage. That order, however, did not address First Bank's second claim, which sought secured status in the amount of $4,865.81. The Court will now address that claim.

The $4,865.81 claim was originally filed as claim number 1 by First Bank on August 9, 2004. At that time, the proof of claim stated the basis for First Bank's claim was "money

loaned," and that the debt was incurred on March 21, 2003. The proof of claim also listed the debt as totally secured, and listed a 1995 Chevrolet Monte Carlo as the collateral securing the debt. In support of its claim, First Bank attached a copy of the certificate of title for the vehicle which shows First Bank as the lienholder and the lien date as September 14, 1996. Also attached to the proof of claim was the "note, disclosure, and security agreement" entered into between the debtor and First Bank on March 21, 2003. This document indicates the March 21, 2003 loan was a renewal of a loan dated August 16, 2002[1]. The security agreement portion of this document states that the loan agreement is secured by a "1995 Chev Monte Carlo VIN 2G1WW12M15988804". The security agreement does not list any real estate as security for the loan agreement. Likewise, the box titled "Other Security" is not marked, and the sentence following the "Other Security" box, which states "This Loan Agreement is secured by _____", was also left blank.

On September 22, 2004, First Bank filed an amended proof of claim to include the "real estate described in proof of claim 2 of 2, original filed and as amended" as additional collateral securing the $4,865.81 claim. No other changes were made to the claim. The real estate described in proof of claim 2 of 2 is a commercial building and .52 acre located on Tallahatta Springs Road in Thomasville, Alabama. The real estate is secured by a $60,000 mortgage granted to First Bank by the debtor and his wife on February 25, 2000. First Bank contends that the $4,865.81 claim is also fully secured by the real estate as evidenced by the mortgage. For this proposition, First Bank relies on a future advance clause included in the mortgage agreement

---

[1]First Bank's attorney represented to the Court that there is a series of previous notes (which can be provided to the Court if necessary) constituting a series of renewals going back to September 14, 1996, which is the lien date when the bank first received a security interest in the 1995 Chevrolet Monte Carlo, as indicated in the certificate of title.

which states, "[t]hat if undersigned, or either or any of them, be now, or should hereafter become indebted to said mortgagee for money loaned, advances made, or by account, overdraft, note or otherwise, before the notes above mentioned are paid in full, this mortgage shall stand as security therefor the same as if included in said notes."

LAW

In Alabama, "future advance clauses are valid 'to extend the security to other existing indebtedness or to future indebtedness between the same parties.'" *Cottingham v. Citizens Bank*, 859 So.2d 414, 419 (Ala. 2003) (*quoting Ex Parte Chandler*, 477 So.2d 360, 362 (Ala. 1985)). Given that the debtor was already indebted to First Bank on the vehicle at the time the mortgage agreement was entered into, the dragnet clause in the mortgage was effective to allow First Bank to hold the mortgage as security for the vehicle debt as well.

However, in Alabama, contracting parties are free to modify their contract in any way they see fit. *Peoples Bank & Trust Co. v. Coleman*, 736 F.2d 643 (11th Cir. 1984) (*citing Kinmon v. J.P. King Auction Co., Inc.*, 290 Ala. 323 (1973); *Mogul Wagon Co., v. Shotts*, 18 Ala. App. 528 (1922)). Even though the mortgage was effective to secure the car loan at the time the mortgage was made, when First Bank and the debtor renewed the car note, the car was listed as the only security for the loan. Under the heading "security", the renewal lists only the vehicle as security on the loan. There is no mention of the mortgage, real estate, or any other collateral. Furthermore, there was no collateral listed under the heading "other security," and the box to the left of this heading was not marked. In short, the car note renewal gives no indication that the parties intended the car loan to be secured by anything other than the car. Based on the controlling authority on the issue, the Court concludes the parties modified their contract to eliminate the real estate mortgage as security for the car loan. See *Peoples Bank & Trust Co. v.*

*Coleman*, 736 F.2d 643 (11th Cir. 1984). Likewise, the Court rejects the remaining contentions made in First Bank's motion to alter, amend, or vacate judgment.

    THEREFORE IT IS ORDERED, that First Bank of Linden's motion to alter, amend, or vacate judgment is DENIED.

Dated:   March 17, 2005

                                                                           MARGARET A. MAHONEY
                                                                           U.S. BANKRUPTCY JUDGE